UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SEAN WILLIAMS,

                Plaintiff,

        -against-

THE CITY OF NEW YORK, P.O. MICHELLE BATISTA, Shield No. 15578, Individually and in her Official Capacity, P.O. LORENZO COLANGELO, Shield No. 15640, Individually and in his Official Capacity,

                Defendants.
------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

13-cv-7702 (RA)

Plaintiff, Sean Williams, by his attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, P.O. MICHELLE BATISTA, AND P.O. LORENZO COLANGELO, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. On October 10, 2012, at approximately 1:10 p.m., plaintiff SEAN WILLIAMS, was at the W. 125th Street and St. Nicholas Avenue A-Train subway station in the County, City and State of NEW YORK.

14. Once plaintiff SEAN WILLIAMS was on the train, defendants P.O. BATISTA and P.O. COLANGELO approached the train and told him to get off.

15. Plaintiff SEAN WILLIAMS immediately complied by walking off the train.

16. Plaintiff SEAN WILLIAMS proceeded to walk up the steps in the station.   17.   As Plaintiff

18. Thereafter, plaintiff SEAN WILLIAMS lost his balance and fell down 12 steps.

19. Defendant P.O. COLANGELO moved out of the way as plaintiff SEAN WILLIAMS fell.

20. Plaintiff SEAN WILLIAMS landed on his chest and was then handcuffed and arrested for, *inter alia*, two counts of Assault in the 2nd Degree.

21. The defendant police officers falsely allege that plaintiff SEAN WILLIAMS pushed defendant P.O. Batista down the stairs.

22. At no time on October 12, 2012, or at any other time, did plaintiff SEAN WILLIAMS *ever* push a police officer down the stairs.

23. Plaintiff SEAN WILLIAMS was then taken to the 26th Precinct in the County, City and State of New York, where he was held for five hours.

24. In connection with this arrest, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the New York County District Attorney's office.

25. Specifically, defendant P.O OFFICER BATISTA maliciously and deliberately lied about her claim that plaintiff SEAN WILLIAMS had pushed her down the stairs, causing her to suffer injuries to the wrist, head, neck, and back.

26. Further, defendant P.O. OFFICER COLANGELO maliciously and deliberately lied about his claim that plaintiff SEAN WILLIAMS resisted arrest by flailing his arms and causing defendant P.O. OFFICER COLANGELO to suffer substantial pain to his knee and ankle.

27. As a result of defendants' false claims, plaintiff SEAN WILLIAMS spent approximately eleven (11) months in jail, and was required to make multiple court appearances for eleven (11) months to defend himself against the false assault charges which defendants had filed against him.

28. Additionally, as a result of this unlawful arrest, plaintiff SEAN WILLIAMS missed eleven (11) months of work.

29. Notwithstanding defendants' unlawful and perjurious conduct, on September 12, 2013, plaintiff SEAN WILLIAMS was found not guilty by a jury before the Honorable L. Ward.

30. As a result of the foregoing, plaintiff SEAN WILLIAMS sustained, *inter alia*, loss of liberty, lost earnings, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

33. All of the aforementioned acts deprived plaintiff SEAN WILLIAMS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality.

## SECOND CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants misrepresented and falsified evidence before the District Attorney.

39. Defendants did not make a complete and full statement of facts to the District Attorney.

40. Defendants withheld exculpatory evidence from the District Attorney.

41. Defendants were directly and actively involved in the initiation of criminal proceedings against SEAN WILLIAMS.

42. Defendants lacked probable cause to initiate criminal proceedings against plaintiff SEAN WILLIAMS.

43. Defendants acted with malice in initiating criminal proceedings against plaintiff SEAN WILLIAMS.

44. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff SEAN WILLIAMS.

45. Defendants lacked probable cause to continue criminal proceedings against plaintiff SEAN WILLIAMS.

46. Defendants acted with malice in continuing criminal proceedings against SEAN WILLIAMS.

47. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

48. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff SEAN WILLIAMS's favor on September 12, 2013, when he was found not guilty by a jury of his peers.

49. As a result of the foregoing, plaintiff SEAN WILLIAMS sustained, *inter alia*, loss of liberty, lost earnings, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

### THIRD CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "49" as if the same were more fully set forth at length herein.

51. Defendants created false evidence against plaintiff SEAN WILLIAMS.

52. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's Office.

53. In creating false evidence against plaintiff SEAN WILLIAM and forwarding false evidence and information to prosecutors, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

54. As a result of the foregoing, plaintiff SEAN WILLIAMS sustained, *inter alia*, loss of liberty, lost earnings, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "54" as if the same were more fully set forth at length herein.

56. Defendants arrested and incarcerated plaintiff SEAN WILLIAMS in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

57.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

58.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

59.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff SEAN WILLIAMS.

60.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff SEAN WILLIAMS as alleged herein.

61.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff SEAN WILLIAMS as alleged herein.

62.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff SEAN WILLIAMS was incarcerated unlawfully for eleven (11) months.

63.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff SEAN WILLIAMS.

64. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff SEAN WILLIAMS's constitutional rights.

65. All of the foregoing acts by defendants deprived plaintiff SEAN WILLIAMS of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. Not to have cruel and unusual punishment imposed upon him; and

    E. To receive equal protection under the law.

**PENDANT STATE CLAIMS UNDER NEW YORK STATE LAW**

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

67. On or about September 27, 2013, and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

68. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

69. Plaintiff has complied with all conditions precedent to maintaining the instant action.

70. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW: <u>MALICIOUS PROSECUTION</u>

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. As a result of the foregoing, plaintiff SEAN WILLIAMS was falsely imprisoned, his liberty was restricted for an extended period of time, was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints.

73. Plaintiff SEAN WILLIAMS was conscious of said confinement and did not consent to same.

74. The confinement of plaintiff SEAN WILLIAMS was without probable cause and was not otherwise privileged.

75. As a result of the aforementioned conduct, plaintiff SEAN WILLIAMS has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW <u>INTENTION INFLICTION OF EMOTIONAL DISTRESS</u>

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "75" as if the same were more fully set forth at length herein.

77. Defendants engaged in extreme and outrageous conduct toward plaintiff SEAN WILLIAMS.

78. Defendants' conduct was intended to cause plaintiff SEAN WILLIAMS to suffer severe emotional distress.

79. Defendants disregarded a substantial probability that their conduct would cause SEAN WILLIAMS to suffer severe emotional distress.

80.  As a result of defendants' actions, SEAN WILLIAMS did in fact suffer severe emotional distress.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

81.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.  Defendant CITY OF YORK selected, hired, trained, retained, assigned and supervised all NEW YORK CITY police officers, including P.O. BATISTA and P.O. COANGELO.

83.  Defendant CITY OF YORK was negligent and careless when it selected, hired, trained, retained, assigned and supervised all members of its police department, including P.O. BATISTA and P.O. COANGELO.

84.  Upon information and belief, defendants P.O. BATISTA and P.O. COANGELO on prior occasions, had violated the Constitutional rights of other citizens, but were never properly disciplined for doing same.

85.  Upon information and belief, defendant CITY OF YORK knew about the improper conduct of defendants P.O. BATISTA and P.O. COANGELO but failed to adequately train, instruct, supervise and/or discipline said defendants.

86.  As a result of the aforementioned conduct, plaintiff SEAN WILLIAMS suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**WHEREFORE**, plaintiff SEAN WILLIAMS demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       October 28, 2013

BY: _____
     JON L. NORINSBERG (JN-2133)
     Attorney for Plaintiff
     225 Broadway, Suite 2700
     New York, N.Y. 10007
     (212) 791-5396

| | |
|---|---|
| INDEX NO. | YEAR |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN WILLIAMS,

                                Plaintiff,

   -against-

THE CITY OF NEW YORK, P.O. MICHELLE BATISTA, Shield No. 15578 and P.O. LORENZO COLANGELO, Shield No. 15640, Individually and in their Official Capacities,

                               Defendants.

## SUMMONS AND COMPLAINT

**JON L. NORINSBERG**
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
225 Broadway - Suite 2700
New York, New York 10007
(212) 791-5396

Signature (Rule 130-1.1a)

_____

Print Name Beneath

To
Attorney(s) for     Defendants

Service of a copy of the within is hereby admitted.         Dated

_____

Attorney(s) for

PLEASE TAKE NOTICE

☐     **NOTICE OF ENTRY**

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on          20

☐     **NOTICE OF SETTLEMENT**

that an order                                     of which the within is a true copy
will be presented for settlement to the HON.              one of the judges of the
within named Court, at
on                     20             at

Dated,                                                                   Yours, etc.